**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

John Francis Lechner,                              Civ. No. 15-0079 (ADM/BRT)

          Petitioner,

v.                                                 **REPORT AND RECOMMENDATION**

Denise Wilson, Warden,

          Respondent.

---

BECKY R. THORSON, United States Magistrate Judge

    John Francis Lechner, a prisoner housed at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of a federal conviction and sentence entered in the United States District Court for the Western District of Michigan. (*See* Doc. No. 1, Petition at 2–3.) For the reasons set forth below, it is recommended that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Lechner seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

1

## I.  BACKGROUND

The government filed a superseding indictment against Lechner in the Western District of Michigan on April 10, 2012, charging him with eight crimes, including the illegal transportation of explosive materials, improper storage of explosive materials, possession of explosives while under indictment, making false statements to law-enforcement officials, and illegal distribution of explosive materials. *See United States v. Lechner*, No. 2:11-cr-49-RAED-1 (W.D. Mich. filed Sept. 22, 2011). A jury found Lechner guilty on six of the eight counts in June 2012 (Lechner was found not guilty of illegally distributing the explosive materials, which was the subject of two of the eight counts). *Id*. In November 2012, Lechner was sentenced to a total of 51 months imprisonment. *Id.* Lechner appealed his convictions and total sentence to the Sixth Circuit Court of Appeals; that appeal remains pending.

Lechner, who is currently incarcerated at FCI-Sandstone, now brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Along with his petition, he also brings a redundant "motion for relief under 28 U.S.C. § 2241." (Doc. No. 2.) Lechner's claim for relief is not crystal clear, but it appears that he believes federal prosecutors conspired with state officials to have him charged in state court with false reporting of a felony and reckless driving, despite the lack of a factual basis for either charge. (*Id*. at 4.) This, in turn, allowed the federal government to charge Lechner with illegal possession of explosive materials while under indictment, one of the crimes for which he was convicted. (*Id*.) Lechner claims that he is innocent of the underlying state offenses and, therefore, also innocent of the aforementioned federal crime. (*Id* at 4, 9.)

Lechner acknowledges that his "sentence is currently under appeal in the Sixth Circuit which prevents [him] from filing a § 2255 [motion] until that appeal is resolved." (Doc. No. 1, Petition at 6); *see Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965) ("Ordinarily resort cannot be had to [§ 2255] or habeas corpus while an appeal from conviction is pending."). Because § 2255 is not available at this time "due to his current direct appeal pending in the Sixth Circuit," Lechner argues that he may collaterally attack his conviction and sentence in a § 2241 petition pursuant to the "savings clause" of § 2255. (Doc. No. 2 at 1–3.) He asks that this Court vacate his conviction in the Western District of Michigan and order his immediate release from incarceration. (*Id*. at 10.)

## II. ANALYSIS

A federal prisoner seeking to collaterally attack his conviction or sentence ordinarily must file a motion to vacate in the trial court under § 2255 (in this case, the Western District of Michigan), and not a habeas petition in the district of incarceration under § 2241. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Federal courts lack jurisdiction over § 2241 petitions challenging the validity of a federal conviction or sentence unless the prisoner can affirmatively demonstrate that the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention.

*DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). This exception is sometimes called the "savings clause," *see Abdullah*, 392 F.3d at 959, because when it applies, it can save a habeas petition from being dismissed under § 2255(e)'s exclusive remedy rule.

Lechner's inability to file for § 2255 relief during the pendency of his direct appeal does not mean that § 2255 is "inadequate or ineffective" to test the legality of his detention. The Eighth Circuit has made clear that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091; *see also Kennedy v. United States*, No. 14-1908, 2014 WL 5286349, at *5 (D. Minn. Oct. 15, 2014) ("The procedural rules limiting availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become 'inadequate or ineffective,' and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.") Indeed, the Eight Circuit has held that a petitioner cannot even "claim ineffectiveness until he unsuccessfully has attempted to gain relief in the sentencing court by means of a § 2255 petition." *DeSimone*, 805 F.2d at 324; *accord Winston v. Mustain*, 562 F.2d 565, 567 (8th Cir. 1977) (holding that until a federal prisoner has filed a § 2255 motion in the sentencing court, "he cannot contend that such a [motion] would be ineffective or inadequate"). Lechner has not yet filed a § 2255 motion in the Western District of Michigan and, even if he had, the procedural bar to applying for § 2255 relief during the pendency of a direct appeal does not render that remedy "inadequate or ineffective" within the meaning of § 2255's savings clause.

4

Lecher nevertheless contends that a § 2255 motion filed with the trial court would be inadequate and ineffective because:

> [T]here is a conflict of interest between the Petitioner and the trial court that [his] case was adjudicated in. The Petitioner has pending litigation against various counties and municipalities in the same court with the same judge. The Petitioner has asked for a change of venue due to the conflicts and intertwining between the Petitioner, the counties, and other civil cases pending.

(Doc. No. 2 at 6.). If Lechner has concerns about the impartiality of the trial judge, he can raise those concerns in the Western District of Michigan or with the Sixth Circuit Court of Appeals. *See Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988) (holding that § 2255 is not inadequate or ineffective "because of alleged judicial bias," as petitioners have "a remedy available by way of a motion for recusal or disqualification of biased judges that would make a [§] 2255 motion . . . an effective remedy even if [the] allegations of bias are true and sufficient"); Rule 4 of the Rules Governing Section 2255 Proceedings advisory committee's note ("A movant is not without remedy if he feels [that having the trial judge hear his § 2255 motion] is unfair to him. He can file an affidavit of bias. And there is the right to appellate review if the trial judge refuses to grant his motion."). Section 2255 remains fully adequate and effective for Lechner to challenge his convictions after the conclusion of his direct appeal, and he may not use § 2241 to shop around for a forum that he believes would be more hospitable to his claims for collateral relief.

Because § 2255's savings clause is not applicable in this case, this Court recommends that Lechner's § 2241 habeas petition be summarily dismissed without

5

prejudice for lack of jurisdiction. *See DeSimone*, 805 F.2d at 323. And having determined that this action must be summarily dismissed, this Court further recommends that Lechner's pending application to proceed *in forma pauperis* be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Lechner's petition for a writ of habeas corpus (Doc. No. 1) and motion for relief under 28 U.S.C. § 2241 (Doc. No. 2) be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; and

2. Lechner's application to proceed *in forma pauperis* (Doc. No. 3) be **DENIED AS MOOT**.

Date: February 12, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 26, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3,500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.